UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH ANTONETTI,

Plaintiff,

v.

FILSON, *et al.*,

Defendants.

Case No. 3:17-cv-00605-MMD-CBC

ORDER

I. **DISCUSSION**

This is a pro se federal civil rights action filed pursuant to 42 U.S.C. § 1983. Well over seven months ago, on October 3, 2018, the Court issued a screening order in this case that permitted some claims to proceed and granted Plaintiff leave to amend the Complaint to cure its deficiencies. (ECF No. 5.) In the screening order, the Court explained the relevant law and what Plaintiff needed to do to cure the deficiencies in his Complaint. (*Id.*) The Court subsequently granted Plaintiff an extension of time to file a motion for reconsideration and an extension of time to amend the Complaint. (ECF No. 8.) Plaintiff subsequently filed a 21-page motion for reconsideration challenging the Court's rulings in connection with all of the eight counts in his Complaint. (ECF No. 9.) The Court denied the motion for reconsideration and reminded Plaintiff of the deadline for filing an amended complaint. (ECF No. 10 at 14.) The deadline for Plaintiff to file an amended complaint to cure the deficiencies in the original complaint is May 31, 2019, almost eight months after the Court issued its screening order and a month after the Court issued its ruling on the motion for reconsideration. However, Plaintiff now filed a motion for another extension of time to file his amended complaint. (ECF No. 11.) He also has

///

filed a motion for appointment of counsel. (ECF No. 12.) For the reasons discussed below, the Court denies both motions.

### A. Motion for Extension of Time

Plaintiff seeks an extension of time because he has more than five active and pending cases, serves as a mentor, and did not receive the Court's order on the motion for reconsideration until a week after it was sent. (ECF No. 11.)

The Court denies the motion for an extension of time. Plaintiff had the screening order, which contains the relevant law and guidance for amending the complaint, for nearly seven months before he received the order on the motion for reconsideration. In addition, after ruling on Plaintiff's motion for reconsideration, the Court provided Plaintiff with an additional 30 days to file the amended complaint, which is the period of time the Court generally grants plaintiffs to amend their complaints. In short, Plaintiff has had more than sufficient time—nearly eight months—to amend the deficiencies in his Complaint, and further delay would unnecessarily keep this case from progressing past initial screening for even longer.[1] The Court therefore denies the motion for an extension of time to file an amended complaint without prejudice to Plaintiff later filing a motion to amend the complaint in compliance with the Federal Rules of Civil Procedure.[2]

### B. Motion for Appointment of Counsel

In his motion for appointment of counsel, Plaintiff maintains that he is given only two pieces of paper per week and two envelopes per week and that he has no legal assistance and no access to Nevada case law. (ECF No. 12 at 1-3.) Plaintiff also maintains that the issues in the case are complex and include medical claims, and he

---

[1] Furthermore, although the Court previously informed Plaintiff that a motion for reconsideration may not be used to relitigate matters already decided by the Court, much of his motion for reconsideration was devoted to relitigating matters the Court already decided, and Plaintiff conceded in his motion that he could have written some of the claims better but nevertheless challenged the Court's rulings on such claims. (*See* ECF No. 9 at 13; ECF No. 10.) If Plaintiff had time to devote to such a motion, he had time to amend the Complaint using the law and guidance the Court provided to Plaintiff in early October 2018.

[2] The Court would resolve any such motion based on the merits of the motion and the relevant law.

states that he has ADHD and psychological issues. (*Id.* at 2-3.) Plaintiff states that he has read thousands of cases. (*Id.* at 8.) In addition, he asserts that, because the defendants have free attorneys, plaintiffs like him should have free attorneys as well. (*Id.* at 6.)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel at this time. Like many prisoners filing civil rights actions in this court, Plaintiff alleges that he has complex medical issues. It is premature to assess the likelihood of success in this case as the case is still in the screening stage. Moreover, the Court has provided Plaintiff with the legal guidance he needs to amend his complaint to cure the deficiencies in his claims. Furthermore, despite any emotional issues or challenges Plaintiff may have with ADHD, Plaintiff is an experienced and intelligent litigator, and it is readily apparent from his extensive filings in this Court, including his motion for appointment of counsel, that Plaintiff has obtained access to paper and to case law relevant to federal civil rights actions and is very capable of filing pleadings with the Court, including amended complaints. Therefore, the Court denies the motion for appointment of counsel without prejudice to Plaintiff filing a motion for appointment of counsel at a later date.

///

///

///

## II. CONCLUSION

It is therefore ordered that the motion for extension of time to file an amended complaint (ECF No. 11) is denied. On or before May 31, 2019, Plaintiff must file his amended complaint curing the deficiencies in his original complaint.

It is further ordered that, if Plaintiff does not file an amended complaint by May 31, 2019, this action will proceed immediately in accordance with this Court's rulings in its October 3, 2018 screening order.

It is further ordered that the motion for appointment of counsel (ECF No. 12) is denied without prejudice to Plaintiff seeking appointment of counsel in the future.

DATED THIS 28th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE