AARON D. FORD
 Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
 Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, Ronald Bryant, Gloria Carpenter, Jesse Cox, James Dzurenda, William Gittere, Sheryl Foster, Paul Hunt, Tasheena Sandoval, Scott Sisco, David Tristan and Harold Wickham*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| JOSEPH ANTONETTI, | Case No. 3:17-cv-00605-MMD-CBC |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT** |
| v. | (First Request) |
| FILSON, et al., | |
| Defendants. | |

Defendants, Renee Baker, Ronald Bryant, Gloria Carpenter, Jesse Cox, James Dzurenda, William Gittere, Sheryl Foster, Paul Hunt, Tasheena Sandoval, Scott Sisco, David Tristan, and Harold Wickham, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an additional thirty (30) days, or up to and including Wednesday, September 4, 2019, to answer or otherwise respond to Plaintiff's complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   FACTS AND RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 6. Plaintiff, Joseph Antonetti (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* at 1. He alleges Defendants violated his rights under the U.S. Constitution. *Id.* at 9 *passim*.

1

On June 6, 2019, this Court ordered the Office of the Attorney General (OAG) to answer or otherwise respond to Plaintiff's complaint on behalf of any defendants for whom it accepted service. ECF No. 14 at 4. Accordingly, Defendants answer is due today, August 5, 2019.

Unfortunately, Defendants are unable to comply with this deadline. Defendants need additional time to respond because the Litigation Division of the Office of the Attorney General is currently severely short-staffed, because several Deputy Attorneys General have recently accepted new employment opportunities. The burden this has placed on the attorneys remaining in the division, including Defendants' counsel, is currently overwhelming.[1]

Additionally, Defendants' counsel is currently busily preparing for a trial before the United States District Court and finalizing an answering brief due to the Ninth Circuit Court of Appeals. *See Gruber v. Gedney, et al.*, Docket No. 3:15-cv-00543-RCJ-CBC, ECF No. 142 at 1; *Friedman v. Woods, et al.*, Docket No. 19-16136, DktEntry 2-1 at 1.

Finally, the undersigned has also accepted a new employment opportunity within the OAG and will be living the Litigation Division, effective August 19, 2019. New counsel will therefore be appointed to represent Defendants, and this attorney will need sufficient time to become acquainted with the facts of this case.

Defendants consequently request that this Court allow them an additional thirty (30) days, or up to and including Wednesday, September 4, 2019, to answer or otherwise respond to Plaintiff's complaint.

## II.   LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented

---

[1] The leadership within this division is addressing this issue and, hopefully, the shortstaffing will be resolved in thirty (30) to sixty (60) days.

2

before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III. DISCUSSION

Defendants' deadline to answer or otherwise respond to Plaintiff's complaint is today, August 5, 2019. Therefore, they are seeking additional time in advance of the expiration of the deadline and need demonstrate good cause for the requested enlargement. Good cause exists to enlarge the time for their response, due to (1) the short-staffing in the OAG, (2) counsel's responsibilities in preparing for trial and finalizing an answering brief to the Ninth Circuit, and (3) the forthcoming reassignment of counsel. Defendants are seeking this enlargement in good faith and not for the purpose of any unnecessary delay. Moreover, Defendants do not perceive any possible prejudice to Plaintiff if this motion is granted. Therefore, Defendants request to be allowed up to and including Wednesday, September 4, 2019, to answer or otherwise respond to Plaintiff's complaint.

## IV. CONCLUSION

As stated, Defendants need additional time to respond to Plaintiff's complaint and respectfully request that this Court allow them up to and including Wednesday, September 4, 2019, to answer or otherwise respond to Plaintiff's complaint.

DATED this 5th day of August, 2019.

AARON D. FORD
Attorney General

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: 8/6/2019

By: _____
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General
*Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 5th day of August, 2019, I caused to be deposited for mailing a true and correct copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT (First Request)**, to the following:

Joseph Antonetti, #84533
Lea County Correctional Facility
6900 West Millen
Hobbs, NM 88244

/s/ Laurie Penny
An employee of the
Office of the Attorney General