AARON D. FORD
Attorney General
HARRY B. WARD, Bar No. 11317
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1159
E-mail: hward@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, Ronald Bryant, Gloria Carpenter, Jesse Cox, James Dzurenda, William Gittere, Sheryl Foster, Paul Hunt, Tasheena Sandoval, Scott Sisco, David Tristan and Harold Wickham*

```
            FILED     ____ RECEIVED
      ____ ENTERED    ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

              NOV 2 5 2019

           CLERK US DISTRICT COURT
              DISTRICT OF NEVADA
     BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FILSON, et al.,<br><br>　　　　Defendants. | Case No. 3:17-cv-00605-MMD-CLB<br><br>ORDER<br><br>**DEFENDANT RENEE BAKER'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER PLAINTIFF'S INTERROGATORIES**<br><br>(First Request) |

Defendants, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry B. Ward, Deputy Attorney General, hereby moves this Honorable Court for an enlargement of time to answer Plaintiff's Interrogatories.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 6) Plaintiff, Joseph Antonetti (Anotnetti), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC).  (*Id.*)  After Defendants answered Antonetti's Complaint, (ECF No. 6), this Court issued its Scheduling Order, which, *inter alia*, set forth the time permitted for discovery. (ECF No. 34 at 2:3-18.)

/ / /

1

On or about October 22, 2019, the Office of the Attorney General (OAG) received Antonetti's Interrogatories directed to Defendant Renee Baker (Baker). Baker has provided her counsel with answers to several interrogatories and anticipated she would be able to comply with the deadline to answer the interrogatories. After counsel received the draft answers from Baker, counsel requested additional information from Baker so that the answers could be more comprehensive. However, many of the interrogatories will require Baker to do significant additional investigation in order to respond. Therefore, Baker was not be able to meet the deadline set forth in Fed. R. Civ. P. 33(b)(2). Accordingly, Baker respectfully requests an additional thirty (30) days to answer Antonetti's interrogatories, or up to and including Monday, December 23, 2019.

## II.   LEGAL AUTHORITIES

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

## III.   ARGUMENT

Defendant submits that there is good cause to extend the discovery response deadline. Defendants have been working diligently in an effort to meet the original

deadline by unfortunately are unable to meet the deadline. Defendant submits there is good cause allowing Defendants an additional 30 days to respond to the Antonetti's Request for Interrogatories. No extension to the Discovery Deadline or any other deadline is necessary.

## IV. CONCLUSION

Defendant Renee Baker is unable to meet the deadline set forth in Fed. R. Civ. Pro. 33(b)(2) because of the litany of discovery requests Antonetti has propounded upon her. Accordingly, Baker respectfully requests this Court allow her up to and including Monday, December 23, 2019, to answer Antonetti's interrogatories.

DATED this 22nd day of November, 2019.

        AARON D. FORD
        Attorney General

By:  /s/Harry B. Ward
      HARRY B. WARD, Bar No. 11317
      Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED: 11/25/2019

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 22nd day of November, 2019, I caused to be deposited for mailing a true and correct copy of the foregoing, **DEFENDANT RENEE BAKER'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER PLAINTIFF'S INTERROGATORIES (First Request)** , to the following:

Joseph Antonetti, #84533
P.O. Box 639
Las Cruses, NM 88004

/s/ Perla M. Hernandez
An employee of the
Office of the Attorney General