AARON D. FORD
  Attorney General
HARRY B. WARD, Bar No. 11317
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1159
E-mail: hward@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas, Renee Baker, Harold Byrne,*
*Ronald Bryant, Gloria Carpenter, Jesse Cox,*
*Dwayne Deal, James Dzurenda, William Gittere,*
*Sheryl Foster, Richard Healer, Paul Hunt, Tasheena*
*Sandoval, Scott Sisco, David Tristan, and Harold Wickham*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| JOSEPH ANTONETTI, | Case No. 3:17-cv-00605-MMD-CLB |
|---|---|
| Plaintiff, | **MOTION TO EXTEND THE DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT** |
| v. | **(First Request)** |
| FILSON, et al., | |
| Defendants. | |

Defendants, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry B. Ward, Deputy Attorney General, hereby move to extend the deadline to file dispositive motions in this matter by sixty (60) days.

**MEMORANDUM OF PONTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is an inmate civil rights lawsuit brought by Plaintiff Joseph Antonetti (Plaintiff), pursuant to 42 U.S.C. § 1983, and the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. (*See generally*, ECF No. 6.) Plaintiff was an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). (*Id.*) Plaintiff is currently incarcerated in Lea County Correctional Facility in New Mexico (ECF No. 44); however, all of Plaintiff's alleged claims in this suit relate to his incarceration in the NDOC. (*See generally*, ECF No. 6.)

/ / /

1

On October 3, 2018, Plaintiff filed a thirty-three (33) page Complaint. (ECF No. 6.) The Court issued a thirty-eight (38) page Screening Order allowing Plaintiff to proceed on five counts of alleged constitutional violations and against fourteen (14) Defendants. (ECF No. 5 at 34-38.) On September 10, 2019, the Court issued a Scheduling Order setting Wednesday, January 8, 2020, as the deadline to file dispositive motions. (ECF No. 34 at 3-4.)

Defendants have been working diligently to timely file their dispositive motion in this matter. As indicted, Plaintiff's claims include multiple alleged constitutional violations against fourteen (14) Defendants and Defendants need additional time to investigate and respond to all claims.

Furthermore, as this Court is aware, multiple attorneys in the Public Safety Division, have recently left the division, and new attorneys, including undersigned counsel, have only recently started with the Division. Additionally, there have been "no net gain" in attorneys with the Division- same number of attorneys for the same heavy case load and counsel's case load includes a number of cases from four attorneys that left the Division (but not all their cases) as well as newly filed cases. Defense counsel respectfully requests this extension to become more acquainted with this large case, explore all possible defenses, and obtain declarations from defendants in support of their motion for summary judgment.

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants' request is timely and will not hinder or prejudice Plaintiff's case, but will allow for a thorough briefing to narrow or eliminate issues in this case. The requested for sixty (60) day extension of time should permit the parties' time to adequately research, draft, and submit dispositive motions in this case. Defendants assert that the requested good cause is present to warrant the requested extension of time.

For these reasons, Defendants respectfully request a sixty (60) day extension of time from the current deadline to file dispositive motions in this case, with a new deadline to and including Monday, March 9, 2020.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Good Cause Exists to Enlarge the Time for Defendants to Respond.

Here, Defendants are requesting additional time to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. Moreover, good cause exists to enlarge Defendants' time to move for summary judgment based on Plaintiff's extensively large complaint containing numerous alleged constitutional violations against fourteen (14) Defendants. (*See generally* ECF No. 6.)

Good cause exists to enlarge Defendants' time to file dispositive motions in this matter because: (1) Plaintiff's claims include numerous counts containing numerous alleged constitutional violations against fourteen Defendants; (2) counsel will need sufficient time to become more acquainted with this case prior to drafting the motion for summary judgment; and (3) counsel needs additional time to

explore all possible defenses and obtain declarations from multiple defendants in support of their motion for summary judgment.

Defendants request this enlargement of time in good faith, not for the purpose of unnecessary delay, and they do not anticipate any unfair prejudice to Plaintiff if this motion is granted.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant their motion and allow them an additional sixty (60) days, or up to and including Monday, March 9, 2020, to file their motion for summary judgment.

DATED this 8th day of January, 2020.

AARON D. FORD
Attorney General

By: /s/Harry B. Ward
HARRY B. WARD, Bar No. 11317
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 1/10/2020

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 8th day of January, 2020, I caused to be deposited for mailing a true and correct copy of the foregoing, **MOTION TO EXTEND THE DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT (First Request)**, to the following:

Joseph Antonetti, #84533
Lea County Correctional Facility (LCCF)
6900 W. Millen Drive
Hobbs, NM 88244

/s/Perla M. Hernandez
An employee of the
Office of the Attorney General