UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH ANTONETTI,

    Plaintiffs,

v.

FILSON, *et al.*,

    Defendants.

Case No. 3:17-cv-00605-MMD-CLB

ORDER

## I. SUMMARY

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), initiated this action asserting claims under 42 U.S.C. § 1983. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 80), recommending that the Court grant Defendants' motion for summary judgment (the "Defendants' Motion"") (ECF Nos. 49), deny Plaintiff's motion to strike portions of Defendants' reply ("Motion to Strike") (ECF No. 75) as moot, and dismiss Defendant John Does one through 15 (the "Doe Defendants").[1] Plaintiff objected to the R&R regarding Defendants' Motion (ECF No. 82), and Defendants responded (ECF No. 85). For the reasons explained below, the Court will adopt the R&R in full. Specifically, the Court will grant in part and deny in part Defendants' Motion, deny the Motion to Strike as moot, and dismiss the Doe Defendants.

## II. BACKGROUND

The Court incorporates and adopts the facts outlined in the R&R (ECF No. 80 at 1-6) and does not recite them here.

---

[1] Judge Baldwin observed that Plaintiff "has failed to identify the Doe Defendants and thus appears to have abandoned those claims." (ECF No. 80 at 3 n.4.)

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences

///

in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Where the moving party does not have the ultimate burden of persuasion at trial the party can meet its burden of production by either producing evidence that negates an essential element of the nonmoving party's case or by "showing" that the nonmoving party does not have enough evidence to meet an essential element of its claim or defense to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Courts must consider a *pro se* party's contentions offered in his pleadings as evidence in his opposition to a motion for summary judgment "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**IV.  DISCUSSION**

In light of Plaintiff's Objection, the Court will conduct *de novo* review to determine whether to adopt Judge Baldwin's R&R.

///

3

**A.     Counts II and IV – Eighth Amendment Deliberate Indifference Claims**

As to Count II, Judge Baldwin found Plaintiff has not presented evidence that Defendant Aranas' replacement of Plaintiff's double-portion meals with a "Boost" dietary supplement was medically unacceptable. (ECF No. 80 at 11.) Plaintiff contends that there is a genuine dispute over what is medically unacceptable given that Aranas[2] canceled one form of treatment prescribed by his treating doctor. (ECF No. 82 at 7-8.) He further points out that double-portion meals provide 2,500 to 3,000 extra calories, whereas Aranas's treatment would only provide Plaintiff with 240 calories. (*Id.* at 7.) But difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). The Court therefore overrules Plaintiff's objection.

As to Count IV, Judge Baldwin found that Plaintiff offered no evidence that big boy cuffs are used to aid in walking or to avoid ankle injury. (ECF No. 80 at 14-15.) Plaintiff argues that based on his 30 years of experience, his current round-shape, ankle cuffs cause him ankle cuts, whereas big boy cuffs' oval shape are a better fit for his ankle and reduces ankle cuts. (ECF No. 84 at 15.) However, Plaintiff has not testified to wearing big boy cuffs or provided any other foundation that would support personal knowledge regarding such cuffs. Accordingly, the Court overrules Plaintiff's objection.

As to Count IV, Judge Baldwin also found *inter alia* that the six-month delay in the administration of Plaintiff's pain medication was at most negligent, not deliberately indifferent. (ECF No. 80 at 12.) Judge Baldwin further found that Plaintiff failed to produce evidence showing that the delay was done with knowledge or disregard of an excessive risk of harm. (*Id.* at 13.) *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (citation and internal quotes omitted) ("[A] district court is not required

---

[2]Although Defendants presented evidence that Aranas is a doctor (ECF No. 49-2 at 4; ECF No. 71-1 at 65), Plaintiff now asserts for the first time in his objection that Aranas is "a non-treating, non-doctor, administrator" (ECF No. 82 at 9), which the Court will not consider at this stage.

4

to comb the record to find some reason to deny a motion for summary judgment."). Although Plaintiff argues that he in fact received the wrong pain medication and continued to suffer pain, that alone does not provide evidence of deliberate indifferent to create a genuine issue of fact for trial. Accordingly, the Court overrules Plaintiff's objection.

### B. Count VI – Access to Mail and Retaliation Claims

Judge Baldwin found that Plaintiff presented no evidence that Defendants interfered with Plaintiff's legal mail or that they did so to retaliate against Plaintiff for submitting grievances and litigating. (ECF No. 80 at 17.) Judge Baldwin also found that Plaintiff's own evidence shows that he frequently sent out legal mail and only had a few slips returned for his own failure to properly weigh his mail. (*Id.*)

Plaintiff objects that Defendants rejected a substantial amount of his mail—not just a few slips—and that Defendants fabricated reasons for rejecting his mail. (ECF No. 84 at 18-19.) Plaintiff also argues that the chronology of events shows that Defendants, who do not even work in the mailroom, rejected Plaintiff's mail out of retaliation for filing his grievance. (*Id.* at 19.) However, Plaintiff has presented no specific evidence based on personal knowledge that support his contentions regarding retaliatory intent. *See Jones*, 393 F.3d at 923. And his response to the Motion (the "Response") (ECF No. 63) cannot be taken as evidence because he has not attested under penalty of perjury that assertions he made in the Response are true and correct. *See Jones*, 393 F.3d at 923. Accordingly, the Court overrules Plaintiff's objection.

### C. Count VII – Plaintiff's Due Process and Retaliation Claims

Judge Baldwin found that Plaintiff has not presented evidence of a due process violation or retaliation for his placement in administrative segregation ("ad-seg"), from 2016 to 2017. (ECF No. 80 at 19-21.) As Judge Baldwin pointed out: Plaintiff was placed in ad-seg on June 24, 2015 because of his security threat group ("STG") designation and prior status as a high risk potential; his ad-seg placement was reviewed six times between June 2015 and February 2016; he returned to the general prison population on February 4, 2016; on February 21, 2017, Plaintiff was involved in a brawl and found in possession

of a prison shank; Plaintiff subsequently returned to ad-seg; he pled guilty to possession of the shank and received 60 days of ad-seg placement; and, between late February 2017 and October 2017, Plaintiff refused to participate in a number of reviews for his ad-seg placement. (*Id.* at 19-20.) Judge Baldwin recommends that the Court grant summary judgment in favor of Defendants on Plaintiff's due process and retaliation claims because, among other things, Plaintiff was placed in ad-seg due to security reasons and was he afforded multiple reviews. (*Id.* at 19-21.)

Plaintiff objects in relevant part that he only received one ad-seg hearing in 2017 and that his 2015 and 2016 hearings were not meaningful hearings because Defendants attempted to conduct them in Plaintiff's cell. (ECF No. 82 at 21-23.) However, his objection and his Response—which is not admissible evidence under *Jones*, 393 F.3d at 923—do not point to any specific evidence. As such, the Court overrules Plaintiff's objection.[3]

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 80) is adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 49) is granted.

It is further ordered that Plaintiff's motion to strike portions of Defendants' reply (ECF No. 75) is denied as moot.

It is further ordered that Defendants John Does one through 15 are dismissed.

---

[3]Although Plaintiff argues that he is entitled to a new STG hearing because his last STG review was in 2007 (ECF No. 82 at 21), Plaintiff has not explained the relevance of that issue in light of Defendants' evidence that he was afforded hearings regarding his ad-seg placement.

The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

DATED THIS 2nd day of September 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE