UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH ANTONETTI,

                     Plaintiffs,

v.

FILSON, *et al.*,

                     Defendants.

Case No. 3:17-cv-00605-MMD-CLB

ORDER

**I.   SUMMARY**

Plaintiff Joseph Antonetti asserted several claims under 42 U.S.C. § 1983 regarding the conditions of his confinement at Ely State Prison ("ESP") against Defendants, ESP employees and officials. (ECF No. 6.) The Court adopted United States Magistrate Judge Carla L. Baldwin's recommendation (ECF No. 80) to grant summary judgment in favor of Defendants over Plaintiff's opposition to said motion and subsequent objection (ECF No. 88 ("Order").) Before the Court is Plaintiff's motion for reconsideration (ECF No. 92 (the "Motion")) of the Order. Primarily because Plaintiff reiterates arguments that both Judge Baldwin and this Court already rejected, and as further explained below, the Court will deny the Motion.[1] The Court will also deny Plaintiff's motion to stay (ECF No. 93) as moot.[2]

**II.   BACKGROUND**

The Court again incorporates by reference and adopts the facts as outlined in Judge Baldwin's recommendation (ECF No. 80 at 1-6), and does not recite them here.

///

---

[1] The Court also reviewed Defendants' response (ECF No. 94).

[2] Plaintiff appears to have filed the same motion with the Ninth Circuit Court of Appeals, who granted the motion Plaintiff filed with that Court, rendering the motion Plaintiff directed at this Court moot. (ECF No. 95.) And the motion to stay would be moot regardless because the Court is herein ruling on Plaintiff's Motion.

## III. LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted).

Motions to reconsider are generally left to the discretion of the district court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). A district court has discretion not to consider arguments that were not raised until a motion for reconsideration without a good excuse for the delay. *See Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Moreover, motions for reconsideration are not justified on the basis of new evidence that could have been discovered prior to a district court's ruling. *See Coastal Transfer Co. v. Toyota Motor Sales*, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987).

## IV. DISCUSSION

Plaintiff has not set forth facts or law of a strongly convincing nature in his Motion sufficient to persuade the Court it should reconsider its prior decisions included in the Order. Plaintiff seeks reconsideration based on several arguments of general applicability to the Order, and several arguments specific to the Court's rulings on his particular claims. (ECF No. 92.) While the Court does not find any of these arguments persuasive, the Court will briefly address each of them below.

///

///

Plaintiff argues the Court is biased against him. (*Id.* at 15-16.) But "[a]dverse rulings are not proof of bias or fraud." *In re Complaint of Judicial Misconduct*, 838 F.3d 1030 (9th Cir. 2016) (citation omitted).

Plaintiff also generally argues the Court erred in crediting the evidence Defendants presented in support of their underlying summary judgment motion over statements he made in his opposition to that motion, and his objection to Judge Baldwin's recommendation, "because he is fairly certain he stated that everything he has said in his motions is true, factual, and based on his experience." (ECF No. 92 at 1-2.) But the opposition and objection to which he refers do not contain sworn statements that may have required the Court to treat his arguments as evidence. (ECF Nos. 63, 84.) Apparently aware this could be an issue, Plaintiff attempts to remedy it by attaching a declaration to—and including sworn statements throughout—his Motion. For example, Plaintiff swears, "[a]ll of my pleadings are true under penalty of perjury," and "[a]ll facts are based on my personal experiences." (ECF No. 92 at 2; *see also id.* at 21 (making a similar declaration).) However, it is too late. Plaintiff had two opportunities to present evidence sufficient to oppose Defendants' summary judgment motion (including his objection to Judge Baldwin's recommendation), but he did not. It would be improper and prejudicial to Defendants for the Court to give him a third chance. *See, e.g.*, *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991) (providing that, once the moving party has met its initial burden, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists"). Moreover, to the extent the Court were to consider Plaintiff's arguments supported by retroactive sworn statements in his Motion 'new evidence,' the Court would still decline to reconsider the Order on that basis because that evidence could have been discovered prior to the Court issuing the Order. *See Coastal Transfer Co.*, 833 F.2d at 212.

Further, Plaintiff repeats several arguments he made both in his opposition to the underlying summary judgment motion, and in his objection to Judge Baldwin's recommendation. (ECF No. 92 at 4-9 (arguing his classification hearings did not satisfy

3

procedural due process requirements), *id.* at 9-12 (arguing prison employees interfered with his ability to send legal mail), *id.* at 12-13 (arguing prison employees' use of normal-sized ankle shackles on him led to unnecessary pain and suffering), *id.* at 14-15 (arguing that delays in receiving pain medication also caused Plaintiff unnecessary pain and suffering).) But as noted, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown*, 378 F. Supp. 2d at 1288 (citation omitted).

Plaintiff finally argues the Court should not have entered summary judgment against him because he never received certain discovery he was entitled to. (ECF No. 92 at 18-19.) However, on this point, the Court agrees with Defendants that Fed. R. Civ. P. 56(f) does not require the Court 'dismiss' Defendants' underlying summary judgment motion because Plaintiff did not receive all of the discovery he believes he is entitled to (ECF No. 94 at 2), as Plaintiff appears to argue (ECF No. 92 at 18). Plaintiff received several extensions of time in this case, and was able to litigate several discovery issues. (ECF Nos. 57, 60, 62, 69, 73, 78, 81, 83.) Plaintiff also never directly moved for an extension of the discovery cutoff date. (ECF No. 34 (setting discovery cutoff).) Thus, he appears to have been given a sufficient opportunity to obtain any pertinent discovery. In any event, the Court will not reconsider its Order on the basis of purported outstanding discovery.

In sum, the Court is unpersuaded it should reconsider the Order.

**V.    CONCLUSION**

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 92) is denied.

It is further ordered that Plaintiff's motion to stay (ECF No. 93) is denied as moot.

DATED THIS 11th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE